## BAILEY & RHODES *v.* JOHN HENRY & CO.

**Custom — Implied Contract.**

> Where plaintiff has sold many goods to defendant, and the invariable rule has been that the sales were on sixty days time, it will be inferred that their dealings are to be governed by the custom unless something to the contrary is shown.[1]

**Code of 1880, § 1626 — Affidavit to Open Account — Burden of Proof.**

> In a suit on an open account sworn to under section 1626 of the Code of 1880 when defendant files a counter affidavit denying a material matter the burden of proof is on the plaintiff and judgment should be rendered for the defendant unless plaintiff introduces proof to overcome the affidavit.[2]

Suit by appellees against appellants on open account. From verdict and judgment for plaintiffs defendants appeal.

APPEALED from Circuit Court, Harrison county, S. H. TERRAL, Judge.

Reversed and remanded, March 10, 1884.

*Attorney for appellants, R. Seal.*

*Attorney for appellees, Elliott Henderson.*

Brief of R. Seal:

\*. \* \* At the November term, 1883, of said Circuit Court, by leave of court, the defendants filed an amended affidavit, then by consent of both parties a jury was waived and said cause sub-

---

1.

It is competent to show by the custom of merchants that, when cash is not paid for goods, the sale is on the customary credit. Effinger *v.* Henderson, 33 Miss. 449.

A particular custom of merchants only affects contracts made in that locality where it is shown to exist. Allen *v.* Lyles, 35 Miss. 513.

Where, on an accounting between complainant and a merchant, it appears that the separate accounts of complainant's tenants and croppers had been charged to his account and had been carried into the settlements, and notes executed for the balances due, it was error to disallow such items for lack

mitted to the presiding judge. Plaintiffs moved to strike from the files this amended affidavit because as stated it did not traverse plaintiff's affidavit, motion to strike out sustained and defendant excepted. Plaintiffs then submitted his account with the affidavit attached to the court and closed without further testimony. The defendants then read to the court their counter-affidavit to plaintiff's affidavit, then introduced Mr. Rhodes, one of the defendants, who testified that he bought the bill of goods on sixty days credit. That all parties were citizens and domiciled in the city of New Orleans, State of Louisiana, and that the account sued on was not due when suit was commenced; that the sixty days had not expired. The defendant then offered to read in evidence a duly certified copy of the judgment of respite, plaintiff objected, and sustained by the court; defendants excepted; the testimony was now closed. The court rendered judgment in favor of plaintiffs for $102.05, with interest and costs.

There is no special pleading before a justice of the peace court, and when appealed to the Circuit Court it is tried *de novo*. The court will look to the substance and not to the form. 52 Miss. 681.

Plaintiff's affidavit had not been filed with their account when suit was brought; only makes out a *prima facie* case. Then the counter-affidavit of defendants does away with the *prima facie*

of positive evidence of a contract by complainant to pay them, it being shown that such charges were in keeping with the usual course of business between the landowners and their tenants. Dickerson *v.* Thomas, 67 Miss. 777, 7 So. 503.

A custom in a business, existing among all those engaged therein in a certain city, is a general one, with reference to which it will, in the absence of rebutting evidence, be presumed that obligations touching the business are assumed. Burbidge *v.* Gumbel, 72 Miss. 371, 16 So. 792.

Where meat contracted for was "smoked meat," it is immaterial that the meat sold upon breach of contract by the seller for the purchaser's account was not smoked, it being shown that the meat was sold to be shipped on the buyer's order, that "smoking" is a process to which meat is submitted, according to the custom of the trade, only immediately prior to shipment, and that the buyer failed to give shipping directions. Bonds *v.* Lipton Co., 85 Miss. 209.

In the absence of special contract the fact that the storage charges sued for had been uniformly imposed was admissible to show that defendant agreed to pay them. Planters' Compress & Warehouse Co. *v.* Ireys, 16 So. 386.

A custom of a common carrier not to give notice to the consignee of the arrival of goods will not terminate its liability as carrier, but the same will

case and throws the burden of the proof upon plaintiffs to prove up this account, and especially to show that it was due when this suit was commenced, having failed to prove his account, defendants are entitled to a judgment of nonsuit and costs. Here the court erred.

The testimony shows that the account sued on was not due. The court erred in ruling out the record from Louisiana. This was an order and judgment of respite. It is in the nature of an insolvent law. Art. 3086, 3053, Insolvent Laws of Louisiana. And by the comity of States, our courts in a proper case would give effect to such laws and proceedings had under them.

We claim a reversal of the judgment of the Circuit Court for two reasons. 1. Because plaintiffs failed to prove before the court that their account was due when the suit was brought. 2. These defendants had obtained an order of judgment for a respite, restraining plaintiffs and another creditor from suing for a given time, not expired when this suit was commenced. For these reasons plaintiffs had no cause of action.

Brief of Elliott Henderson:

\*　\*　\*　We will now consider the action of this court in striking out the plea or affidavit of C. M. Rhodes filed upon the trial of this cause, in reply to the affidavit of defendants in error

---

continue until such notice is given. Gulf, etc., R. R. Co. *v.* Horton, 84 Miss. 490.

2.

The sole object of this statute is to dispense with proof of the correctness of an account sued on, except when defendant, by his counter-affidavit, denies it. Its only effect is to make the account to some extent an account stated. Bower *v.* Henshaw, 53 Miss. 345.

The statute furnishes a rule of evidence and not of pleading. It makes plaintiff's affidavit as to the correctness of an open account, when read at the trial, *prima facie* true. The counter-affidavit destroys such presumption, and puts plaintiff to proof of the correctness of the account. Reinhardt *v.* Carter, 49 Miss. 315.

A counter-affidavit does not preclude the interposition of an affirmative defense in confession and avoidance. The statute provides a rule of evidence merely, and not of pleading. Aaron *v.* Podesta, 60 Miss. 82.

Where, without specification of items, there is in the counter-affidavit a general denial of the correctness of a sworn account sued upon, the defendant will not be permitted to controvert particular items, but only the general fact that he is chargeable as debtor. Tichenor *v.* Wheel Co., 54 Miss. 589.

to the open account sued on. Section 1627, Revised Code of 1880, entitled a party making proper affidavit to his account to judgment at the trial term of the suit, unless defendant shall make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct. This plaintiff in error persistently refused to do in the justice court and the Circuit Court. They could not make such an affidavit without committing perjury, for in the testimony of Charles M. Rhodes, he admitted that the account sued on was due and owing, nothing having been said about the *time* of payment, and was correct and unpaid. The plea sought to be interposed was dilatory and should have been stricken out. Code 1880, § 1568.

The judgment of the court below has done complete justice between the parties to this suit, and we are satisfied that it should not be disturbed for any technical error that may appear upon the record.

Cooper, J., delivered the opinion of the court.

On the 28th day of March, the appellees brought suit on an open account against the appellants before a justice of the peace and filed their account that day. On the 4th of April, and before the return day of the writ, the plaintiffs filed another account, sworn to under the provisions of section 1627 of the Code. On the 14th day of April, the defendants filed their counter-affidavit in which, while not denying the correctness of the items of the account, they did deny the fact that the account was due on the day suit was instituted. The trial before the magistrate resulted in a judgment for the plaintiff from which the defendant appealed to the Circuit Court, where the case was tried before the judge, and again resulted in a judgment for the plaintiff.

On the trial of the case the plaintiff read his account and the affidavit thereto attached and rested, whereupon the defendants introduced their counter-affidavit and also one of the defendants, who testified that he had bought many thousand dollars of goods from the plaintiffs, and that they were always sold to him on sixty days time; that though nothing was said at the time of the purchase of the goods sued for he supposed the sale was on the usual time and not for cash. Other evidence was offered by defendant which was rejected by the court. The principal argument here has been as to the correctness of the ruling of the

court upon this excluded testimony. In our view, this becomes immaterial since the facts proved did not warrant judgment.

The affidavit of the plaintiffs to their account was not filed with the account when the suit was brought, but the defendant waived objection to this irregularity and filed a counter-affidavit by which they denied a material matter, to wit: that the account was due and payable. This put the burden of establishing this fact on the plaintiffs. They offered no proof whatever to overcome the affidavit of the defendants, and if the defendants had not introduced Mr. Rhodes as a witness the plaintiffs would have had no evidence whatever to sustain their suit. But on the testimony of Rhodes we think the judgment wrong. Where parties deal together in many transactions in a certain manner it is to be inferred that their dealings are to be governed by the custom unless something to the contrary is shown. If the plaintiffs had sold many goods to the defendants, and the invariable rule had been that the sales were on sixty days time, then the defendants in making the purchase of the goods sued for would reasonably infer that they were sold on the usual time, and if the plaintiffs did not so intend to sell they should have given them some notice of that fact. Failing to do this, the debt would be due not on delivery of the goods, but only at the expiration of the usual time on which the sales had previously been made.

Judgment reversed.